IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH ALBERT TAYLOR,<br><br>                Plaintiff,<br><br>vs.<br><br>NE DEPARTMENT OF CORRECTIONS, NE DIVISION OF PAROLE, CITY OF LINCOLN, NE, LABOR MAX STAFFING, MATT TALBOT OUTREACH, JENNIFER KRIEKEMEIER, JACQUELYN RENAE ROBERTSON, and HONU HOME, M.H.A.;<br><br>                Defendants. | 4:25CV3141<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff's Motion for Time Extension, Filing No. 15, Motion for Addendum, Filing No. 14, and Motion for Appointment of Counsel, Filing No. 3. The Court will address each motion in turn.

## I. MOTION FOR TIME EXTENSION

Plaintiff requests an extension of time to September 10, 2025, in which to pay his initial partial filing fee as set out in the Court's July 28, 2025, Memorandum and Order. Filing No. 15; *see also* Filing No. 11. The Court's records show that Plaintiff paid his initial partial filing fee of $5.42 on September 5, 2025. Accordingly, Plaintiff's Motion for Time Extension is granted, and his September 5, 2025, payment was timely.

## II. MOTION FOR ADDENDUM

Plaintiff filed a "Motion for Addendum to Argument/Cause of Action" seeking to supplement his Complaint with an additional exhibit pursuant to Federal Rule of Civil Procedure 15(d). Filing No. 14 (spelling corrected). Upon consideration, Plaintiff's

motion is granted, and the Court will consider the Motion for Addendum and attached exhibit as supplemental to the Complaint.

### III.  MOTION FOR APPOINTMENT OF COUNSEL

Finally, Plaintiff asks the Court to appoint him counsel due to the complexity of the case and Plaintiff's inability to afford retained counsel.  Filing No. 3.  "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).  A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).  "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time as the Court has not yet conducted its initial review of the Complaint and, at this early stage of litigation, Plaintiff appears able to adequately present his claims.  The Court is, however, aware that this situation may change as litigation progresses.  As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some

degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993). The Court will, therefore, deny Plaintiff's request for appointed counsel without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Time Extension, Filing No. 15, is granted, and his September 5, 2025, payment was timely.

2. Plaintiff's Motion for Addendum, Filing No. 14, is granted, and the Court will consider Filing No. 14 as supplemental to the Complaint.

3. Plaintiff's Motion for Appointment of Counsel, Filing No. 3, is denied without prejudice to reassertion.

4. Plaintiff is advised that the next step in Plaintiff's case will be for the Court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business.

Dated this 12th day of September, 2025.

BY THE COURT:

*/s/ Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge